UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY CALDERON,

                           Plaintiff,

            -against-

ANTHONY J. ANNUCCI, Acting
Commissioner, DOCCS, et al.,

                           Defendants.

20-CV-3760 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in Southport Correctional Facility, located in Chemung County, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. He names as Defendants the New York State Department of Corrections and Community Supervision ("DOCCS") Acting Commissioner Anthony J. Annucci; the current and former directors of DOCCS Crisis Intervention Unit ("CIU"); three John Doe sergeants at the Albany Medical Center Prison Ward; three John Doe correction officers at the Albany Medical Center Prison Ward; a Jane Doe nurse at the Albany Medical Center Prison Ward; the Albany Medical Center Prison Ward in its "personal capacity"; and Bronx Assistant District Attorney Christine Scaccia. For the reasons set forth below, the Court transfers this action to the United States District Court for the Northern District of New York.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial

district where it is subject to personal jurisdiction with respect to the civil action in question. *See*

28 U.S.C. § 1391(c)(1), (2).

Plaintiff filed this complaint regarding events primarily occurring in Albany Medical

Center Prison Ward, located in Albany, New York. Plaintiff lists Albany, New York work

addresses for all Defendants with the exception of Bronx ADA Scaccia, for whom he lists the

Bronx, New York address of the Bronx District Attorney's office.[1] Because Plaintiff does not

allege that Defendants reside in this District or that a substantial part of the events or omissions

underlying his claim arose in this District, venue does not appear to be proper in this District

under § 1391(b)(1) or (2).

Even if venue were proper here, the Court may transfer claims "[f]or the convenience of

the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have

broad discretion in making determinations of convenience under Section 1404(a) and notions of

convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v.*

*Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own

initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427

---

[1] Plaintiff alleges that in prosecuting him, ADA Scaccia "ha[d] it out for him," and that
following his conviction, she recommended that DOCCS place him in involuntary protective
custody in retaliation for "refusing to inform" on other defendants." (ECF No. 2, at 7.) The Court
notes that ADA Scaccia is likely immune from suit under the doctrine of prosecutorial immunity,
which shields prosecutors from civil suits for damages for acts committed within the scope of
their official duties where the challenged activities are not investigative in nature but, rather, are
"intimately associated with the judicial phase of the criminal process." *Simon v. City of New*
*York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

(S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Albany Medical Center Prison Ward, where most Defendants appear to be employed. Albany Medical Center Prison Ward is located in Albany County, which falls within the Northern District of New York. *See* 28 U.S.C. § 112(a). Venue is therefore proper in the Northern District

of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 3, 2020
          New York, New York

                                                        COLLEEN McMAHON
                                                  Chief United States District Judge